[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE MOTION TO RELEASE AND REFERENCE DOCUMENTS
On November 28, 2001, the Commissioner of the Connecticut Department of Children and Families filed a Motion to Release and Reference Documents which appear in the record of a pending child protection matter. The State claims that the requested documents are necessary to defend a claim of discrimination brought before the Connecticut Commission on Human Rights and Opportunities by the maternal grandmother of the subject child. The maternal grandmother was granted intervenor status in the child protection proceeding. The mother of the concerned child has filed an objection to the motion. At the argument on the motion both the claiming grandmother and the Guardian ad Litem for the child objected to the release of material.
The Commissioner requested that the Court release the Order of the Court approving a psychological evaluation of the claimant grandmother, the report filed on said psychological evaluation, any documents provided to the psychologist by the court or the Commissioner and transcripts of all proceedings concerning the court ordered evaluation. In addition the Commissioner asked the Court to approve release the "DCF RECORD."
The Commissioner must undertake and carry out her responsibilities in furtherance of the best interest of the state's children. She must assure that her staff gathers and uses information responsibly, without fear of retaliation or intimidation by invidious implication that might be harbored in a collateral legal proceeding. The only effective defense against such tactics is access to data and documents that respond to the allegations of the collateral proceeding.
Connecticut law establishes that in appropriate instances the Court has the power to authorize the release of otherwise confidential materials contained in Juvenile Court or DCF files. In Re Sheldon G., 216 Conn. 563,568 (1990), and State v. LeDuc, 40 Conn. App. 233, 242 (1996). However, CT Page 1457 the Court must limit the authorized disclosure to the materials necessary to the defense of the allegations against the Commissioner. In the CHRO proceeding, the relevant allegations are those contained in paragraphs 6 through 9 of the grandmother's complaint. She alleges that a DCF official or officials represented. to the psychologist responsible for her evaluation that children had been removed from her home because her disability rendered her incapable of caring for them.
The Court has reviewed each of the specific documents requested and makes the following findings and orders with respect to them:
 1. ORDER OF EVALUATION. The Court finds that the order relates to the psychological evaluation of the maternal grandmother and contains no information about the child or the other parties to this matter. Further, the Court finds that counsel for all parties agreed to the order and to the documents that were to be forwarded to the psychologist. The Court approves the release of the order and agreement of parties with the redaction of all names, addresses and telephone numbers.
 2. PSYCHOLOGICAL EVALUATION. The document may be released with the redaction of all proper names except the maternal grandmother's and the redaction of the section of the report entitled Parent/Child Interaction, which begins at the end of page 9 and continues to the fifth paragraph on page 13 entitled "Comment."
 3. ANY DOCUMENTS PROVIDED TO THE PSYCHOLOGIST. The only such document found by the Court to be relevant to the CHRO proceedings is the DCF document entitled "Second Addendum to the Social Study", which may be released after redaction of all proper names except that of the maternal grandmother.
4. TRANSCRIPTS. Judge Gold signed the Order for evaluation on 6/28/01 after all the parties and the intervenor reached agreement at a case status conference on 6/26/01. The record does not reflect a hearing on the issue and, therefore, no transcript would be available. No order will enter with respect to transcripts. CT Page 1458
 5. DCF RECORDS. The Court has not examined any DCF records other than the pertinent Social Study and the two addenda thereto. The second addendum relates entirely to the DCF analysis of the suitability of the maternal grandmother to be the custodian of the child and is therefore relevant to the issues presented to CHRO. The Court authorizes its release with the redaction of all proper names other than references to the maternal grandmother.
The foregoing findings and authorizations are hereby entered and ordered on the 6th day of February 2002.
By The Court
Thayer Baldwin, Jr. Judge of the Superior Court